## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANDREA FERLITO
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

GF, INC.
d/b/a IL CANALE
1063 31st Street NW
Washington, DC 20007

GIUSEPPE FARRUGGIO
3602 Prospect Street NW
Washington, DC 20007

      Defendants.

Civil Action No. _____

## COMPLAINT

1.    Defendants own and operate Il Canale, a well-established Italian restaurant in Georgetown. But despite their long experience as restaurateurs, Defendants paid Plaintiff a flat semimonthly salary that denied him overtime wages.

2.    Plaintiff brings this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

### Jurisdiction and Venue

3.    Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this

district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred

in this district.

**Parties**

5.      Plaintiff Andrea Ferlito is an adult resident of Virginia.

6.      Defendant GF, Inc. is a District of Columbia corporate entity. It does business as Il

Canale. Its principal place of business is located at 1063 31st Street NW, Washington, DC

20007. Its registered agent for service of process is Giuseppe Farruggio, 3602 Prospect Street

NW, Washington, DC 20007.

7.      Defendant Giuseppe Farruggio is an adult resident of the District of Columbia. He resides

at 3602 Prospect Street NW, Washington, DC 20007. He is an owner and officer of Defendant

GF, Inc. He exercises control over the operations of GF, Inc. — including its pay practices.

**Factual Allegations**

8.      Defendants own and operate the restaurant Il Canale, located at 1063 31st Street NW,

Washington, DC 20007.

9.      Plaintiff worked at Il Canale from approximately October 26, 2017 through approxi-

mately October 5, 2018.

10.     Plaintiff's job duties at Il Canale primarily consisted of hosting, bussing tables, running

food, assisting the bartenders, and cleaning the restaurant.

11.     Prior to approximately July 1, 2018, Plaintiff typically and customarily worked approxi-

mately sixty-five hours per week.

12.     Starting on approximately July 1, 2018, Plaintiff typically and customarily worked ap-

proximately fifty hours per week.

13.     At all relevant times, Defendants paid Plaintiff a semimonthly salary.

14.     Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Oct. 26, 2017–Jun. 30, 2018 | $ 2,291.67 | $16.27 |
| Jul. 01, 2018–Oct. 5, 2018 | $ 1,910.42 | $17.63 |

15.     At all relevant times, Defendants paid Plaintiff by check.

16.     At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

17.     At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

18.     At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty hours in a workweek.

19.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $8,556.21 in overtime wages (excluding liquidated damages).

20.     Defendant Giuseppe Farruggio set Defendant Il Canale's hours of operation.

21.     Defendant Giuseppe Farruggio participated in the decision to hire Plaintiff.

22.     Defendant Giuseppe Farruggio participated in the decision to hire Plaintiff's supervisors.

23.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

24.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

25.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

26.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

27.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

28.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

29.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

30.     At all relevant times, Defendants had employees who handled food products, such as chicken, beef, cheese, or wine that had been raised or produced outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

31.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

32.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

33.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

34.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

35.     Defendants' violations of the FLSA were willful.

36.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II

### FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

37.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

38.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

39.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

40.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one work-week.

41.     Defendants' violations of the DCMWA were willful.

42.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III

### FAILURE TO PAY WAGES UNDER THE DCWPCL

43.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44.     Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

45.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

46.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

47.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

48.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including overtime wages.

49.     Defendants' violations of the DCWPCL were willful.

50.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$37,363.74**, and grant the following relief:

    a.    Award Plaintiff $34,224.84, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

iii.  unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.  Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.  Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $2,738.90);

d.  Award Plaintiff court costs (currently, $400.00); and

e.  Award any additional relief the Court deems just.

Date: April 23, 2020                    Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*